[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the instant action, an employee of the defendant St. Vincent's Medical Center (the case is not pursued against Daughters of Charity National Health Systems) sustained serious injuries which arose out of and in the course of his employment. He has received benefits under the Worker's Compensation Act. He now brings a common law action against his employer on the theory that it engaged in intentional conduct which made his injuries substantially certain to occur. Generally speaking "an employer shall not be held liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ." Connecticut General Statutes§ 31-284a. This provision acts as a "total bar to common law actions brought by employees against employers for job related injuries," Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 106.
To the exclusivity of the act a narrow exception exists, namely, where the employer actually intended to injure the employee (actual intent standard) or where the employer intentionally created a dangerous condition that made the employee's injuries substantially certain to occur (substantial certainty standard), Suarez v. Dickmont PlasticsCorp., 242 Conn. 257, 258; Morocco v. Rex Lumber Co., 72 Conn. App. 516,521.
In this case the plaintiff relies upon the substantial certainty standard.
Attached to each of several boilers used to furnish steam heat for the defendant St. Vincent's Medical Center was a device known as an industrial soot collector. A by-product of the burning of fuel oil was soot and ash which the soot collector was designed to capture. The soot collector would periodically become clogged and it was necessary to "unclog" same. The soot hopper had an access door through which entrance was gained to the soot hopper for purpose of unclogging it. On October 11, 1992 when the plaintiff opened the access door the contents of the CT Page 13730 soot hopper consisting of hot soot and ash emerged which when met with an oxygen rich environment caused a flash fire. As a result of the fire the plaintiff sustained serious burns.
The thrust of the plaintiff's claim is that the defendant acting through Mr. Bradtmuller, an employee in charge of the boiler room, undertook the process of removing soot from the soot hopper prior to the expiration of a period of twenty-four hours from the time the boiler was shut down. The period of twenty-four hours represented a time interval for the boiler to cool down.
The plaintiff also claims that Mr. Bradtmuller ordered him to open the access door when he knew or should have known that the plaintiff had not previously performed the task and was uninformed of potential consequences of said act.
The plaintiff does not claim that the boiler, the soot hopper or access door were in a dangerous or defective condition. There was no evidence that a similar incident had ever previously occurred or that any one had ever been injured while opening the access door.
Thus it would appear that the only possible predicate for the imposition of liability on the defendant is the legal viability of the conduct of Mr. Bradtmuller acting as alter ego of the defendant.
The wrongful conduct in this scenario must be that of the employer not merely conduct by an agent or employee for which employer may be vicariously responsible.
The court in Morocco v. Rex Lumber Co., 72 Conn. App. 516, 527
referencing Jett v. Dunlop, 179 Conn. 217 indicated that it is not enough for a supervisory employee to have committed the intentional act. "The correct distinction to be drawn . . . is between a supervisory employee and a person who can be characterized as the alter ego of the corporation. If the assailant is of such rank in the corporation that he may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity, then attribution of corporate responsibility for the actor's conduct is appropriate. It is inappropriate where the actor is merely a foreman or supervisor."
In this case it is found that Mr. Bradtmuller was not acting as an alter ego of the defendant.
Thus for the reason just stated the plaintiff's case must fail. CT Page 13731
Bolstering the defendant's entitlement to a favorable decision is the failure on the part of the plaintiff to sustain his burden of proving that the defendant had believed the injury that occurred was substantially certain to follow from its acts.
As stated above the substantial certainty standard requires that the plaintiff prove facts establishing that the employer intentionally created a dangerous condition which made the plaintiff's injuries substantially certain to occur.
Under either test of employer liability however, the characteristic element is the design to injury either actually entertained or implied from the conduct or circumstances. The substantial certainty standard is still a subject of the intentional tort exception to the act, and intent is a vital element that the plaintiff must prove. What is being tested is not the degree of gravity of the employer's conduct, but, rather the narrow issue of intentional versus accidental conduct. Morocco v. RexLumber, supra p. 523.
"The substantial certainty standard requires a showing that the act producing the injury was intentional or deliberate and the resulting injury from the standpoint of the employer was substantially certain to result from the employer's acts or conduct." Ramos v. Town of Branford,63 Conn. App. at 680.
The mere knowledge and appreciation of a risk short of substantial certainty is not the equivalent of intent. An employer who acts in the belief or consciousness that he is causing an appreciable risk of harm to an employee may be negligent and if the risk is great its conduct may be characterized as reckless or wanton but it is not classed as an intentional wrong. Moreover reckless misconduct differs from intentional misconduct. While an act to be reckless must be intended by the actor he does not intend to cause the harm which results from it.Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 122, 123.
Substantial certainty centers on whether the employer believed the injury was substantially certain to follow the employer's acts or conduct. Suarez II, 242 Conn. p. 280.
"A wrongful failure to act to prevent injury is not the equivalent of an intention to cause injury. An employer's intentional, wilful or reckless violation of safety standards established pursuant to federal and state laws is not enough to extend the intentional tort exception for the exclusivity of the act. The employer must believe the injury was substantially certain to occur. Melanson v. West Hartford, 61 CT Page 13732 Conn. at 690. The best the plaintiff can show is that the defendant failed to provide a safe work environment." Morocco v. Rex Lumber Co.,723 Conn. App. 524, 527. Employer not liable for acts of employee unless alter ego (action is against employer —not an employee. Ramos v. Town of Banford,63 Conn. App. 671, 682.
The sum of the operative facts, namely, a premature attempt to unclog the soot collector and use of uninformed fellow employee to open the access door together with all the reasonable inferences to be drawn from them in favor of the plaintiff was inadequate to prove the defendant believed it was substantially certain that the plaintiff's injuries would follow.
The issue of liability is found in favor of the defendant, St. Vincent's Medical Center.
Flanagan, Judge Trial Referee CT Page 13733